**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel-Shakira Arnold,<br><br>  Plaintiff,<br><br>v.<br><br>Richmond American Homes of Arizona Incorporated, et al.,<br><br>  Defendants. | No. CV-25-00646-PHX-DJH<br><br>**ORDER** |

On February 26, 2025, *pro se* Plaintiff Racquel-Shakira Arnold ("Plaintiff") filed a Complaint (Doc. 1) and Motion for an *ex parte* Temporary Restraining Order ("TRO") (Doc. 3) against Richmond Homes of Arizona, Inc. and Fidelity National Title Agency Inc. ("Defendants"). Plaintiff asks the Court to reinstate title of her property back in her name. (Doc. 3). Plaintiff has filed an Affidavit of Irreparable Harm (Doc. 4) in support of her Motion for TRO. Plaintiff also seeks to proceed in this matter *in forma pauperis*. (Doc. 5).

**I.  Background**

Plaintiff claims she is a resident of Goodyear, Arizona and the resident and rightful owner of a home located at 17527 West Lincoln Street. (Doc. 1 at ¶ 3). She purports to have entered into a valid real estate deal with Defendants to buy the property outright using two "certified negotiable instruments totaling $669,995.00." (*Id.* at ¶¶ 5–6). After executing on these instruments, she alleges that Defendants instituted a Quiet Title action against her in Maricopa County Superior Court, which she claims is

fraudulent. (*Id.* at ¶ 8). She states she was not provided notice to contest the Quiet Title Action that was finalized around "February/March." (*Id.*) She also claims that Defendants were able to obtain a Writ of Restitution against her from the state court. (*Id.*) Her eviction from her home, she says, is imminent and she will suffer irreparable harm. (*Id.* at ¶ 11). Plaintiff alleges legal claims that include a Fourteenth Amendment Due Process violation, fraud and unjust enrichment, fraudulent court proceedings that resulted in a Writ of Restitution, fraudulent misrepresentation, and breach of financial obligations. (*Id.* at ¶¶ 12–15). She invokes the diversity jurisdiction of this Court since the Defendant Richmond American Homes of Arizona, Inc. is a corporation headquartered in Colorado and she herself is an Arizona resident. (*Id.* at ¶ 1). She provides no residency information with regard to Defendant Fidelity National Title Agency, Inc.[1] The Court will first address Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") and then move on to the merits of the Motion for TRO itself.

## II. Plaintiff's IFP Application

### A. Legal Standard

Upon review of Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") application, the Court will grant her IFP status. (Doc. 5). When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[2] In conducting this review, "section 1915(e) not only

---

[1] Plaintiff has not identified in her Complaint or her TRO motion what the citizenship of Defendant Fidelity National Title Agency is, as she is required to do under 28 U.S.C. §1332 to establish diversity jurisdiction between herself and Defendants.

[2] "While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, § 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. Coll. Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP Complaint.

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**B.   Screening of Plaintiff's Complaint**

The Court will first screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) before moving on to the merits of its TRO petition. *See Rowell v. Dzurenda*, 2019 WL 5410059 (D. Nev. Sept. 27, 2019), report and recommendation adopted, 2019 WL 5395444 (D. Nev. Oct. 22, 2019), *aff'd and remanded*, 828 F. App'x 446 (9th Cir. 2020) (screening a pro se plaintiff's complaint under Section 1915 first before addressing his

TRO application).

### 1. Fourteenth Amendment Due Process

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972); *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Due process protections extend only to deprivations of protected interests."). Interests protected by the Due Process Clause may arise from two sources—the clause itself and the laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). To state a procedural due process claim, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). The Fourteenth Amendment's Due Process Clause cannot be asserted as the basis of a civil suit against a private corporation. *Wilson v. Amtrak Nat. R.R. Corp.*, 824 F. Supp. 55, 57 (D. Md. 1992). Rather, it may extend only to actions against governmental agencies. *Id.* The Supreme Court in *District of Columbia v. Carter*, 409 U.S. 418 (1973), stated that the "commands of the Fourteenth Amendment are addressed only to the State or to those acting under color of its authority . . . The Fourteenth Amendment itself 'erects no shield against merely private conduct, however discriminatory or wrongful.' " *District of Columbia v. Carter*, 409 U.S. 418 (1973) 423–424 (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).

Here, Plaintiff alleges that two private corporations violated her Due Process rights under the Fourteenth Amendment. (Doc. 3 at 1–2). However, the Fourteenth Amendment does not allow Plaintiff to assert a due process violation against a party that is not a state actor. *District of Columbia*, 409 U.S. at 424. Plaintiff stated that Defendants were corporations in her Complaint and in her TRO and pleads nothing that would allow the Court to think otherwise. (Doc. 1 at ¶ 1; Doc. 3).

Because the auspices of the Fourteenth Amendment do not extend to violations by private actors, Plaintiff's Fourteenth Amendment claim must be denied. Because of this, the Court denies and will dismiss the Plaintiff's Fourteenth Amendment claim.

### 2. Writ of Restitution

Plaintiff also challenges a Writ of Restitution issued against her in state court. (Doc. 1 at 2). This claim is precluded by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, federal district courts generally lack jurisdiction to review a final state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). The reasoning underlying this principle is that the United States Supreme Court is the only federal court with jurisdiction to hear direct appeals from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Therefore, if a party is disappointed with a state court judgment, that party may not appeal to federal district court, even if the issue would be otherwise within federal district court jurisdiction based upon a federal question or diversity of citizenship. *Id.* at 1155. The doctrine applies to both final state court judgments and interlocutory orders. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Id.* The Supreme Court has explained that federal district courts are precluded from reviewing "cases brought by [1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). *Rooker-Feldman* does not bar jurisdiction where the federal court plaintiff is simply complaining of a "legal injury caused by an adverse party"; it instead bars jurisdiction if the federal plaintiff is complaining of "a legal injury caused by a state court judgment." *Noel*, 341 F.3d at 1163.

The Writ of Restitution issued against the Plaintiff functions, for the purposes of *Rooker-Feldman*, as a final state court judgment or at least as the result of a final state

court judgment. *See* Ariz. Rev. Stat. Ann. § 12-1178[3]. The wording of the statute that governs writs of restitution in Arizona makes clear that they can only be issued after the rendition of a judgment. (*Id.*) Because of this, the Court cannot sit in an appellate capacity and review the judgments of the state court. *Cullen v. Allstate Ins. Co.*, No. 5:21-CV-5220, 2022 WL 126543, at *1 (W.D. Ark. Jan. 12, 2022) (finding that pro se Plaintiff should make use of the state court system to appeal state court decisions); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that the *Rooker–Feldman* doctrine barred the plaintiff's claim because the alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void"); *see also District of Columbia Court of Appeals*, 460 U.S. at 476 (stating that a federal district court may not entertain a direct or collateral attack on state court civil judgements). If the Plaintiff wishes to appeal a state court judgment, she must do so through the state courts. Anything else would be considered an attack by this Court on state court proceedings. Because of this, the Court will not address the merits of Plaintiff's Writ of Restitution argument.

### 3. Fraudulent Misrepresentation and Breach of Financial Obligations

Plaintiff also claims that Defendant engaged in fraudulent misrepresentation and breach of financial obligations. (Doc. 1 at 2).

To prevail on a claim of fraud and fraudulent practices, Plaintiff is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b). Plaintiff must set forth specific facts alleging fraud with particularity to survive a motion to dismiss. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104–05 (9th Cir. 2003). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the

---

[3] Ariz. Rev. Stat. Ann. § 12-1178(C) states that "No writ of restitution shall issue until the expiration of five calendar days after the rendition of judgment. The writ of restitution shall be enforced as promptly and expeditiously as possible. The issuance or enforcement of a writ of restitution shall not be suspended, delayed or otherwise affected by the filing of a motion to set aside or vacate the judgment or similar motion unless a judge finds good cause."

purportedly fraudulent] statement, and why it is false.' " *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.2010) (internal quotation marks and citations omitted).

While Plaintiff claims fraud, she does not adequately plead it. Plaintiff does not explain how Defendant engaged in fraud or fraudulent practices and/or breach of financial obligations. She attaches four things as exhibits in her Complaint: (1) a signed contract between the parties; (2) a deposit receipt; (3) a payment receipt; and a (4) special warranty deed. (Doc. 1 at 4). If anything, these documents only show that Plaintiff contracted with Defendants to purchase a home. Plaintiff does not make clear how, when, and where the Defendants committed fraud or engaged in fraudulent practices. *See Cafasso, U.S. ex rel.*, 637 F. 3d at 1055. The Court cannot ascertain any fraud on the part of Defendants because Plaintiff has failed to adequately plead fraud under Federal Rule of Civil Procedure 9(b). The Court will dismiss this claim.

### III. Plaintiff's Motion for TRO

#### A. Legal Standards for TROs

A TRO preserves the status quo pending a hearing on a preliminary injunction motion in order to avoid irreparable harm in the interim. *See Ariz. Recovery Housing Ass'n v. Ariz. Dep't of Health Servs.*, 2020 WL 8996590, at *1 (D. Ariz. May 14, 2020); *Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996). The standards governing temporary restraining orders and preliminary injunctions are "substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citation omitted). Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

An *ex parte* TRO may be granted without notice to the adverse party only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to

give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the Plaintiff's favor, and (4) that the public interest favors injunctive relief. *Winter*, 555 U.S. at 20. The movant carries the burden of proof on each element of the test. *See Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

### B.   Plaintiff's Motion for TRO

Because Plaintiff asserts no cognizable claims that can get survive Rule 8 pleading standards, Plaintiff cannot show a likelihood of success on the merits and her TRO request will also be denied. *See* 28 U.S.C. § 1915(e)(2)(B); *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132-35 (9th Cir. 2011) (explaining that although the four *Winter* factors use a flexible sliding scale approach, "serious questions going to the merits," warrant against the granting of a TRO).[4]

As discussed above, Plaintiff's Due Process claim fails because none of the claims are being brought against a state actor. *See District of Columbia*, 409 U.S. at 424. Her challenge to the state-issued Writ of Restitution at issue will also not succeed because this Court is not the proper avenue to appeal a state court judgment, or a subsequent writ (relief which is typically issued after a final judgment on the merits of a dispute). *See* Ariz. Rev. Stat. Ann. § 12-1178. Lastly, the fraud allegations do not survive because

---

[4] Plaintiff also cannot show why an *ex parte* TRO should be granted. While a TRO is never granted as a matter of right generally, an *ex parte* TRO is an even more extraordinary remedy. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir.1993) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974). For a TRO to be issued ex parte, Plaintiff must show why notice should not be provided to the other party. *See e.g. Comcast of Illinois X, LLC v. Till*, 293 F.Supp.2d 936, 938-39 (E.D. Wisc. 2003); *Best Deals on TV, Inc. v. Naveed*, 2007 WL 902564, *4 (N.D. Cal. 2007) (holding that plaintiff could not show the need for a temporary restraining order without notice when plaintiff waited months after learning of the situation to file the request). Plaintiff has not shown why the adverse party, Defendants in this case, were not notified. Plaintiff admits in the Complaint that Defendants were able to reclaim title to the property in February/March of 2024. (Doc. 1 at ¶ 8). This gave Plaintiff plenty of time to notify Defendants of this action.

they were not pled according to the heightened pleading standards required under Federal Rule of Civil procedure 9(b). *See* Fed. R. Civ. P. 9(b). Due to the foregoing, Plaintiff's TRO will be denied.

### IV. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the Court finds no reason to believe that the Complaint can be cured of its defects. The proper remedy for Plaintiff is an appeal to the state court of appeals. The Plaintiff cannot correct her Fourteenth Amendment Due Process claim because no state actor is involved. She cannot cure her other claims either because she properly belongs in the state court system. Bringing an amended complaint to this Court would risk futility and therefore, leave to amend is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed *In Forma* Pauperis (Doc. 5) is **granted** and her Complaint is **dismissed, with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is **denied**.

1 **IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and
2 terminate this matter.
3 Dated this 27th day of February 2025.

 _____
 Honorable Diane J. Humetewa
 United States District Judge